**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS QUINN BLAIR, Jr., | No. 10-15434 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00556-LKK-DAD |
| v. | |
| L. CHRONES, Warden and KELLY MICHELLE CROXTON, Deputy Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted September 13, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for Northern Ohio, Cleveland, sitting by designation.

Marcus Quinn Blair, Jr. appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his jury conviction for murder. Blair seeks relief alleging (1) two claims of juror misconduct depriving him of the right to a fair trial—(A) Juror No. 2's use of a legal dictionary to define "reasonable" and "heat of passion" to other jurors and (B) jurors' sharing of their "expertise" on ballistics with other jurors—and (2) trial court error in answering a jury question violating his due process rights. We review de novo the district court's denial of a state prisoner's habeas petition, *Parle v. Runnels*, 505 F.3d 922, 926 (9th Cir. 2007), and we affirm.

When considering prejudice due to juror misconduct or an erroneous jury instruction, we must determine "whether the . . . error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation marks and citation omitted). The Supreme Court explained "that we need not conduct an analysis under AEDPA of whether the state court's harmlessness determination on direct review . . . was contrary to or an unreasonable application of clearly established federal law." *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010) (quoting *Fry v. Pliler*, 551 U.S. 112, 119–20 (2007). "Accordingly, we apply the *Brecht* test without regard for the state court's harmlessness determination." 629 F.3d at 1012.

1. Juror Misconduct.

For the purposes of its analysis, the California Court of Appeal assumed the jurors committed misconduct in both circumstance(s) (A) and (B). However, the court concluded that the misconduct was harmless. We agree. Assuming that the juror's behavior was constitutionally cognizable misconduct, it did not substantially and injuriously affect or influence the jury's verdict. *See Brecht*, 507 U.S. at 623.

A. Applying the factors set forth in *Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000), the introduction of the dictionary in jury deliberations was not prejudicial. The record suggests that the jury followed the instruction given by the court and admonished the offending juror that use of the dictionary was improper. Thus, the exposure to the extrinsic material was limited. The conduct of the jurors suggests that they did not consider the prohibited material in defining any terms. *See Brown v. Ornoski*, 503 F.3d 1006, 1018 (9th Cir. 2007) ("The trial court properly instructed the jury to disregard any extraneous comments and to decide the case based only on the evidence at trial; juries are presumed to follow the court's instructions."). Instead, the jurors asked the court for clarification of the definition of the terms after the incident. Although the trial court was unaware of the misconduct at the time, it effectively gave a curative instruction when it

3

directed the jury to the appropriate jury instruction explaining these terms. Further, the evidence supporting Blair's conviction was overwhelming. Thus, the introduction of dictionary definitions did not substantially and injuriously affect or influence the jury's verdict.

B. Assuming misconduct and again applying the *Sassounian* factors, the jurors' discussion regarding ballistics during jury deliberations was not prejudicial. Second degree murder requires a conscious disregard for life. *People v. Perez*, 234 P.3d 557, 562 (Cal. 2010) ("Murder does not require the intent to kill. Implied malice—a conscious disregard for life—suffices."). The record shows that Blair shot a rifle at the victim six times. The record shows the victim was running away from Blair at the time the shots were fired.

Blair argues that the bullet's trajectory was crucial to his self-defense theory—that an upward straight path would suggest an unaimed shot more consistent with manslaughter whereas a parallel bullet trajectory, bouncing upwards would suggest an aimed shot more consistent with murder. Blair argues that a straight upward wound channel (as the pathologist testified) shows that he shot the rifle from the hip and thus did not aim the gun at the victim to kill. Blair then argues that the jurors' comments about the bullet's trajectory contradicted that of the pathologist. However, whether the bullet went straight through or bounced

4

around in the victim's body (as the jury discussed) is not material to the jury's determination that Blair was guilty of murder in the second degree. Blair's shooting of the rifle (aimed or unaimed) six times *at the victim* while he was running away constitutes substantial evidence for the jury to find that Blair's actions demonstrate a conscious disregard for life. Thus, the jurors' comments about ballistics did not substantially and injuriously affect or influence the jury's verdict.

2.     The trial court's response to the jury's question, considered in the context of the instructions as a whole and the trial record, did not violate Blair's due process rights. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). The response was a correct statement of state law. The trial court read the agreed upon jury instruction. The court's additional statement did not alter the instruction. Accordingly, Blair's due process claim fails, because he has not demonstrated that the alleged error had a "substantial and injurious effect on the verdict." *Brecht*, 507 U.S. at 623.

     **AFFIRMED.**